UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT WINCHESTER

| | |
|---|---|
| JONATHAN LEE RICHES,[1] ) | |
| ) | |
| *Petitioner*, ) | No. 4:09-CV-50 |
| v. ) | *Mattice/Carter* |
| ) | |
| STEPHEN DEWALT, WARDEN,[2] ) | |
| ) | |
| *Respondent*. ) | |

## **MEMORANDUM**

The Court received a *pro se* document from Jonathan Lee Riches ("Petitioner") entitled Habeas Corpus Relief under 28 U.S.C. § 2241 Preliminary Injunction, Temporary Restraining Order, TRO(Court Doc. 1). The Court previously ordered him to complete a prisoner *in forma pauperis* application or pay the full filing fee of $5.00 within thirty days from the Court's May 27, 2009 Order (Court Doc. 2). There has been no response to the Court's Order. Accordingly, the Court finds Petitioner has failed to comply with its Order.

Rule 41(b) of the Federal Rules of Civil Procedure permits this Court to dismiss an action *sua sponte* for failure to prosecute or follow orders of the Court. This authority flows from the Court's inherent power to control its docket, prevent undue delays in the disposition of pending cases, and avoid congested court calendars. *See Link v. Wabash R.R. Co.*, 370 U.S. 626, 629-31 (1962).

---

[1] Although Petitioner's petition indicated he was doing business as Bernard Madoff, the Petitioner in this 2241 case is Jonathan Lee Riches and he is not doing business as Bernard Madoff

[2] The proper respondent in a habeas action is the habeas petitioner's custodian. *See* 28 U.S.C. §§ 2241, 2242. Although Petitioner has identified two individuals as respondents, the Court has substituted the proper respondent.

1

Therefore, this action will be **DISMISSED** for Petitioner's failure to prosecute and to comply with the Orders of this Court. Fed. R. Civ. P. 41(b); *Jourdan v. Jabe*, 951 F.2d 108 (6th Cir. 1991).

A judgment will enter.

                  */s/Harry S. Mattice, Jr.*
                  HARRY S. MATTICE, JR.
                  UNITED STATES DISTRICT JUDGE